DOWD, J.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Christine Confalone, ) | |
| ) | CASE NO. 5:05 CV 1725 |
| Plaintiff(s), ) | |
| ) | |
| v. ) | MEMORANDUM OPINION AND |
| ) | ORDER OF REMAND |
| Western & Southern Life Insurance Company, ) | |
| ) | |
| Defendant(s). ) | |
| ) | |

On July 6, 2005, defendant Western & Southern Life Insurance Company[1] filed a notice removing from the Stark County Court of Common Pleas a complaint which had been filed on June 3, 2005 by plaintiff Christine Confalone.[2] The complaint set forth only state law claims of discrimination (age, sex and disability), retaliation, and violation of public policy. The Notice of Removal, however, asserts that plaintiff alleged a claim under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1140, giving this Court federal question jurisdiction under 28 U.S.C. § 1331.

For the reasons set forth below, pursuant to 28 U.S.C. § 1447(c),[3] the Court sua sponte remands this case to the Court of Common Pleas, finding no subject matter jurisdiction.

---

[1] The defendant is alleged to be "a financial planning and life insurance company . . . with an office in North Canton, Stark County, Ohio . . . ." (Compl. ¶ 2).

[2] The plaintiff is also a resident of North Canton, Ohio. (Compl. ¶ 1).

[3] 28 U.S.C. § 1447(c) provides in relevant part: " . . . If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. . . ."

(5:05 CV 1725)

## I.  BACKGROUND

In her complaint, plaintiff alleges that she was employed by the defendant as a sales representative beginning in 2000.  Her employment was terminated on January 12, 2005, notwithstanding an effective and productive work record.  She claims that she was "subjected [to] hostile work environment, sexual harassment, demeaning comments, and a sexist attitude that favored male over female employees."  (Compl. ¶ 6).  She alleges that she complained to management to no avail.  (Compl. ¶¶ 7-8).  Thereafter, she began to suffer physical symptoms which her physician attributed to the conditions at her workplace; she was advised to find a way to work outside that environment.  (Compl. ¶ 9).  Initially, she was permitted to work at home, but was eventually forced to return to work (Compl. ¶ 10), which resulted in severe depression and being placed on disability by her physician (Compl. ¶ 11).  Her employer refused to accommodate her disability, replaced her with a younger employee, continued to show favoritism to males, and then terminated her employment.  (Compl. ¶¶ 12-14).

All of plaintiff's claims for relief are asserted under Ohio statutes and common law.  However, her first claim for relief, a claim of age discrimination under Ohio Rev. Code § 4112.02 and 4112.99, includes, inter alia, the following allegation:

> 18.    The plaintiff was terminated from defendant Western &
> Southern Life Insurance Company as a result of her age, and the
> vesting of her pension within the company.

(Compl. ¶ 18, emphasis added).  On the strength of this single phrase in one paragraph of a 44-paragraph complaint alleging solely state law claims, defendant removed the case, asserting that the

2

(5:05 CV 1725)

phrase converts the claim into an ERISA claim, i.e., a federal question. Notably, defendant does not argue that all of the state law claims are preempted by ERISA. Rather, it would simply use ERISA as a basis for federal question jurisdiction to justify removal of an otherwise non-removable case.

## II. DISCUSSION

A very recent opinion by another branch of this court clearly identifies a court's obligation with respect to subject matter jurisdiction. In Superior Beverage Co., Inc. v. Schieffelin & Co., Nos. 4:05cv834, 4:05cv868, 2005 WL 130888, at * 5 (N.D.Ohio May 31, 2005), Judge Economus stated:

> The district court has a "continuing obligation" to enquire into the basis of subject-matter jurisdiction to satisfy itself that jurisdiction to entertain an action exists. Nationwide Mut. Ins. Co. v. Cisneros, 52 F.3d 1351, 1361 (6th Cir.1995). "Unlike other issues not involving the merits of a case, subject-matter jurisdiction may be raised at any time, by any party or even sua sponte by the court itself." Franzel v. Kerr Mfg. Co., 959 F.2d 628, 630 (6th Cir.1992); accord Fed. R. Civ. P.12(h)(3) ("Whenever it appears by suggestion of the parties or otherwise that the court lacks jurisdiction of the subject matter, the court shall dismiss the action."). Jurisdiction may not be presumed and may not be gained by consent, inaction, or stipulation. See Sweeton v. Brown, 27 F.3d 1162, 1168 (6th Cir.1994). This is particularly so in removal actions, where "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded [to the state court]." 28 U.S.C. § 1447(c).

The burden of showing that removal is proper is on the party seeking to invoke this Court's subject matter jurisdiction. Federal statutes governing removal are strictly construed in favor of state court jurisdiction. Long v. Bando Mfg. of America, Inc., 201 F.3d 754, 757 (6th Cir. 2000) (citing Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-09 (1941); Her Majesty the Queen in Right of the Province of Ontario v. City of Detroit, 874 F.2d 332, 339 (6th Cir.1989)).

3

(5:05 CV 1725)

>Only state-court actions that originally could have been filed in federal court may be removed to federal court by the defendant.  Absent [complete] diversity of citizenship, federal-question jurisdiction is required.  The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule," which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint.  See Gully v. First National Bank, 299 U.S. 109, 112-113, 57 S.Ct. 96, 97-98, 81 L.Ed. 70 (1936).  The rule makes the plaintiff the master of the claim; he or she may avoid federal jurisdiction by exclusive reliance on state law.

Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987) (footnotes omitted).

In Hopkins Erecting Co. v. Briarwood Apartments of Lexington, 517 F.Supp. 243, 250 (E.D. Ky. 1981), the court explained: "in determining whether a case was removed improvidently and without jurisdiction, it should first be ascertained if a removable claim is asserted in the initial pleading in the case and, if not, whether a subsequent voluntary act of the plaintiff has converted the claim into one that is removable."

There is an exception to the "well-pleaded complaint" rule, namely, the complete preemption doctrine.  Caterpillar, 482 U.S. at 392-93.  This doctrine holds that, "on occasion, . . . the pre-emptive force of a statute is so 'extraordinary' that it 'converts an ordinary state common-law complaint into one stating a federal claim for purposes of the well-pleaded complaint rule.' "  Id. (citing Metropolitan Life Ins. Co., 481 U.S. at 65).  Therefore, the "well-pleaded complaint rule is not absolute" and if the claim arises exclusively under federal law, the case may be removed regardless of how the claim was pled.  Striff v. Mason, 849 F.2d 240, 244 (6th Cir.1988); see also Bhandari v. Unison Behavioral Health Group, 338 F.Supp.2d 818, 820-21 (N.D. Ohio 2004).

(5:05 CV 1725)

The defendant has not argued (because it cannot) that plaintiff's claims are completely preempted by ERISA merely because she mentioned in her age discrimination claim that her pension rights had vested.  Rather, defendant seems to assert that this one phrase relating to pension vesting itself constitutes an ERISA claim, i.e., a federal question claim under 28 U.S.C. § 1331.

This is nonsense.  Plaintiff is not making an ERISA claim to recover pension benefits denied or otherwise threatened.  Rather, plaintiff's mention of vested pension benefits in paragraph 18 of her Complaint is merely a component of her state law age discrimination claim.  That mere mention is insufficient to make this a case "arising under" federal law within the meaning of 28 U.S.C. § 1441(b). Nor can that mere mention of pension benefits result in complete preemption of the state statutory claims of various forms of discrimination and retaliation.

### III.  CONCLUSION

For the reasons set forth above, this Court concludes that subject matter jurisdiction was lacking at the time of removal rendering the removal improvident.  Accordingly, pursuant to 28 U.S.C. § 1447(c), the Court sua sponte remands this case to the Stark County Court of Common Pleas.

IT IS SO ORDERED.

  July 7, 2005                                                  *s/ David D. Dowd, Jr.*
Date                                                           David D. Dowd, Jr.
                                                               U.S. District Judge

5